UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| WESLEY THOMPSON, | ) |
| Plaintiff, | ) |
| vs. | ) No. 2:15-cv-00113-WTL-WGH |
| DOWNEY Morgan County Sheriff, KINTON Morgan County Jail Officer, DAVID ROGERS Morgan County Jail Commander, | ) |
| Defendants. | ) |

**Entry Granting *In Forma Pauperis* Status, Dismissing Complaint,
and Directing Plaintiff to Show Cause**

**I.**

Plaintiff Wesley Thompson's renewed motion to proceed *in forma pauperis* [dkt. 7] is **granted.** Given Mr. Thompson's financial status, the assessment of an initial partial filing fee is not feasible as this time.

**II.**

Mr. Thompson is a prisoner currently confined in Putnamville Correctional Facility. Because Mr. Thompson is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by Mr. Thompson are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

Mr. Thompson alleges that, when he was imprisoned in Morgan County Jail, Defendant Officer Kinton passed out "used" razors to several inmates, including Mr. Thompson, who shaved with those razors. When one inmate complained to Officer Kinton that his razor was used, Officer Kinton allegedly took the used razor back, but continued to pass out razors from the "contaminated razor container." Mr. Thompson alleges that Morgan County Jail procedures dictate that old and contaminated razors are supposed to be replaced with new ones. Because this did not occur, Mr. Thompson asserts that Officer Kinton violated his Eighth Amendment right to be free from cruel and unusual punishment, and he also brings a state law negligence claim based on the same allegations.

Mr. Thompson's Eighth Amendment claim must be dismissed. To prevail on an Eighth Amendment claim, a prisoner must show that (1) the conditions in the prison were objectively "sufficiently serious so that a prison official's act or omission results in the denial of the minimal civilized measure of life's necessities," and (2) prison officials acted with deliberate indifference to those conditions. *Townsend v. Fuchs,* 522 F.3d 765, 773 (7th Cir. 2008) (internal citations and quotation marks omitted). Mr. Thompson's allegations do not establish that his conditions of confinement involved the deprivation of a single identifiable human need or the denial of the minimal civilized measure of life's necessities. *See Wilson v. Seiter*, 501 U.S. 294, 298-305 (1991). He alleges only that he shaved with an old, contaminated razor on one occasion, and he

does not allege that any harm came to him because of this incident. The Eighth Amendment protects only against extreme deprivations will support an Eighth Amendment claim. *See Delaney v. DeTella,* 256 F.3d 679, 683 (7th Cir. 2001). Mr. Thompson's allegation that he used an old razor on one occasion fail to meet this high standard. *See Duran v. Elrod*, 760 F.2d 756 (7th Cir. 1985) ("The conditions of imprisonment, whether of pretrial detainees or of convicted criminals, do not reach even the threshold of constitutional concern until a showing is made of 'genuine privations and hardship over an extended period of time.'") (quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979)). Accordingly, Mr. Thompson's Eighth Amendment claim must be dismissed for failure to state a claim upon which relief may be granted.

Having determined that Mr. Thompson's federal claim must be dismissed, the Court must decide whether it should exercise supplemental jurisdiction over Mr. Thompson's state law negligence claim. The Court ultimately has discretion whether to exercise supplemental jurisdiction over a plaintiff's state law claims. *Carlsbad Tech., Inc. v. HIF BIO, Inc.*, 556 U.S. 635, 639 (2009); *see* 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ."). When deciding whether to exercise supplemental jurisdiction, "'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). "When all federal claims in a suit in federal court are dismissed before trial, the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims." *Al's Serv. Ctr. v. BP Prods. N. Am., Inc.*, 599 F.3d 720, 727 (7th Cir. 2010).

All of the relevant factors weigh in favor of the Court declining to exercise supplemental jurisdiction over Mr. Thompson's state law negligence claim.  The litigation is at the earliest possible stage: only the complaint has been filed, and Defendants have not been served.  Judicial economy would thus not be promoted by this Court retaining jurisdiction.  Furthermore, comity favors Indiana courts resolving Mr. Thompson's state law claims.  Finally, there are no fairness or convenience concerns that militate toward retaining jurisdiction over the state law claim at this early stage of the litigation.  For these reasons, the presumption of relinquishing jurisdiction should be followed, and the Court, in its discretion, declines to continue exercising supplemental jurisdiction over Mr. Thompson's state law claims.

### III.

Mr. Thompson's Eighth Amendment claim is **dismissed** for failure to state a claim upon which relief can be granted, and the Court will not exercise supplemental jurisdiction over Mr. Thompson's state law negligence claim.  Mr. Thompson shall have **through June 24, 2015,** in which to **show cause** why judgment consistent with this Entry should not issue.  *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").  If he fails to do so, the action will be dismissed for the reasons set forth in this Entry.  Any dismissal regarding his state law claim, however, shall be without prejudice to reflect that nothing in this action will prohibit Mr. Thompson from pursuing any state law claims in state court.

**IT IS SO ORDERED.**

Date: 5/28/15

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

WESLEY THOMPSON
232254
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135